```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ARNE SOREIDE, | Civil No. 09-6067 (RMB) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| WARDEN D. ZICKEFOOSE, | |
| Respondent. | |

IT APPEARING THAT:

1. In December of 2009, Petitioner filed his Petition, pursuant to 28 U.S.C. § 2241. <u>See</u> Docket Entry No. 1.

2. In January of 2010, Petitioner submitted his filing fee. <u>See</u> Docket Entry No. 2.

3. In light of the statements made in the Petition (which led the Court to believe that it might have jurisdiction over this matter), the Court directed Respondent to answer the Petition. <u>See</u> Docket Entry No. 3.

4. In March of 2010, Petitioner filed a motion ("Motion") seeking to correct and amend his Petition. <u>See</u> Docket Entry No. 5. As detailed below, the Motion suggests that the Court has no jurisdiction over Petitioner's claims. Therefore, the Court will dismiss Petitioner's claims for lack of jurisdiction and will vacate its order directing Respondent's answer. However, out of an abundance of caution, the Court will also direct the Clerk to open a new and separate matter for Petitioner to ensure that Petitioner

has a full and meaningful opportunity to assert the claims over which the Court might have jurisdiction.

5. A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

6. Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the

Case 1:02-cv-04520-RDB   Document 2   Filed 05/10/17   Page 3   PageID: 63

sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

3

detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

4

petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

7. The Court of Appeals for the Third Circuit has recognized that, **under certain very rare situations**, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner

5

>    **for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, <u>may not have been criminal conduct at all</u>**. <u>Id.</u> at 251-52. In circumstances other than those falling within the narrow <u>Dorsainvil</u> exception, § 2255 cannot be deemed an inadequate nor ineffective vehicle for petitioner's challenges that his trial or appellate courts erred as to his sentence and/or conviction. Therefore, in all situations other than those falling within the narrow <u>Dorsainvil</u> exception, the district court is constrained to dismiss § 2241 petition for lack of jurisdiction.

8.  Here, the Petition unambiguously indicated that Petitioner already had his § 2255 motion denied by his sentencing court, and that denial was affirmed by the United States Court of Appeals for the Eleventh Circuit. <u>See</u> Docket Entry No. 1, at 12. However, the Petition also vaguely suggested Petitioner's position that the conduct for which he was convicted and sentenced is no longer qualified as a criminal conduct at all in light of the decisions entered by the Supreme Court after Petitioner's conviction and § 2255 proceedings. Such alternative reading was the sole reason for the Court's conclusion that it might have § 2241 jurisdiction over Petitioner's claims and, thus, the

6

rationale underlying the Court's decision to direct Respondent's answer.

9. Petitioner's Motion, however, suggests that the Court's alternative reading was unwarranted. See Docket Entry No. 5. In no ambiguous terms, the Motion states that Petitioner wishes to litigate: (a) alleged denial of counsel at his evidentiary hearing; (b) counsel's alleged failure to file notice of appeal (during unspecified proceedings); (c) alleged confiscation of Petitioner's assets without an order of forfeiture; (d) alleged violations of due process (during unspecified proceedings); (e) alleged violations of the holding of Brady v. United States, 397 U.S. 742 (1970); (f) alleged imposition of undue restitution; (g) alleged errors in jury instructions; and (h) alleged impropriety of prosecutorial statements during summation. See id. None of the statements made in the Motion suggests, even vaguely, that Petitioner is asserting that the conduct for which he was convicted is no longer a crime in light of the Supreme Court decisions entered after Petitioner's conviction and § 2255 proceedings. See id.

10. In light of the foregoing, it appears that Petitioner's challenges fall within two categories: (a) challenges over which the Court has no jurisdiction because § 2255 is neither an inadequate nor ineffective vehicle to raise such

claims (i.e., Petitioner's allegations that he was denied counsel at his evidentiary hearing, or that his counsel failed to file a notice of appeal, or that his due process and Brady rights were violated, or that the jury instructions were deficient, or that his prosecutor made improper statements during summation); and (b) challenges over which the Court has no jurisdiction because these challenges have no effect on either the fact or duration of Petitioner's confinement (i.e., alleged confiscation of Petitioner's assets without an order of forfeiture and alleged imposition of undue restitution).[3]  Therefore, in

---

[3] Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action." Id. As § 1983 action applies only to state actions, it is not available to federal prisoners; the federal counterpart is an action under Bivens alleging deprivation of a constitutional right. See Brown v. Philip Morris, Inc., 250 F.3d 789, 801 (3d Cir. 2001) ("A Bivens action . . . is the federal equivalent of the § 1983 cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law").

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of civil rights and habeas corpus.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate or speedier release. See id. at 476.  The prisoners did not seek compensatory damages for the loss of their credits. See id. at 494.  Assessing the prisoners' challenge, the Supreme Court held that a prisoner must

8

light of the clarifications provided in Petitioner's Motion, the Court is constrained to dismiss his Petition for lack of jurisdiction.[4] However, in the event Petitioner wished to

---

bring a suit for equitable relief that, effectively, challenges "the fact or duration of confinement" as a habeas corpus petition. See id. at 500.

    Consequently, The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows: "[W]henever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Therefore, a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy. See, e.g. Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint). Here, it is self-evident that Petitioner's restitution or forfeiture of property issues have no bearing on the duration of fact of his confinement.

    [4] Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, Petitioner asserts that he

9

assert challenges falling within the narrow <u>Dorsainvil</u> exception, the Court will allow Petitioner an opportunity to state **these particular claims** in an amended petition filed in a new and separate matter.

IT IS, therefore, on this **11th** day of **May 2010**,

**ORDERED** that Petitioner's Motion (Docket Entry No. 5) seeking to amend and correct his Petition (Docket Entry No. 1) is deemed Petitioner's supplemental Petition; and it is further

**ORDERED** that Petitioner's original Petition (Docket Entry No. 1) and Petitioner's supplemental Petition (Docket Entry No. 5) are dismissed for lack of jurisdiction; and it is further

**ORDERED** that the Court's order, Docket Entry No. 3, directing Respondent's answer is vacated; and it is further

**ORDERED** that the Clerk shall close the file on this matter; and it is further

---

already filed a § 2255 application and had it entertained on merits. Thus, Petitioner may not file a second or successive § 2255 motion unless he first obtains a certification from a panel of the Court of Appeals for the Eleventh Circuit permitting him to do so on the grounds of: (a) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (b) a previously unavailable and retroactively applicable new rule of constitutional law. <u>See</u> <u>id.</u> Here, Petitioner's Motion does not indicate that Petitioner has such grounds. Therefore, transfer of this matter to the Court of Appeals for the Eleventh Circuit does not appear to be in the interests of justice. However, the Court's decision not to transfer Petitioner's submissions in no event prevents Petitioner from seeking leave from the Court of Appeals for the Eleventh Circuit as to filing of second/successive § 2255 application.

**ORDERED** that the Clerk shall open a new and separate matter for Petitioner designating "ARNE SOREIDE" as petitioner and "WARDEN D. ZICKEFOOSE" as respondent, and designating "Cause: 28:2241 Petition for Writ of Habeas Corpus" and "Jurisdiction: U.S. Government Defendant"; and it is further

**ORDERED** that the Clerk shall assign this new and separate matter to the undersigned; and it is further

**ORDERED** that the Clerk shall docket Petitioner's original petition (filed in this matter and docketed in the instant matter as Docket Entry No. 1) in the new and separate matter opened for Petitioner, designating it "Docket Entry No. 1"; and it is further

**ORDERED** that the Clerk shall docket this Memorandum Opinion and Order in both the instant matter and the new and separate matter opened for Petitioner; and it is further

**ORDERED** that the Clerk shall administratively terminate the new and separate matter opened for Petitioner.  Such termination shall be subject to reopening upon Petitioner's timely filing of an amended petition in the new and separate matter; and it is further

**ORDERED** that, in the event Petitioner wishes to assert challenges over which the Court has § 2241 jurisdiction (as explained to Petitioner in this Memorandum Opinion and Order), Petitioner may file an amended petition in the new and separate

11

matter opened for him.  Petitioner shall execute such filing within 45 days from the date of entry of this Memorandum Opinion and Order.  The amended petition shall state Petitioner's challenges succinctly and clearly,[5] **and Petitioner shall not attempt to re-raise the challenges over which the Court has no § 2241 jurisdiction**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon the Chief, Civil Division, United States Attorney's Office, 970 Broad Street, Room 700, Newark, NJ 07102.  Such service shall be executed by certified mail, return receipt requested, and -- in addition -- by means of electronic delivery; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested, together with a blank § 2241 petition and a copy of the docket sheet of the new and separate matter opened for Petitioner.

---

[5]  Petitioner need not submit any exhibits or attachments. All Petitioner has to do is to state his challenges clearly and succinctly.  In the event Petitioner's amended petition states a claim over which the Court has § 2241 jurisdiction, the Court will direct Respondent to file an answer and relevant record, and Petitioner will be provided with an opportunity to file his traverse in the event Petitioner wishes to dispute Respondent's factual assertions, legal conclusions or the record upon which Respondent relies.

                    <u>s/Renée Marie Bumb</u>
                    **Renée Marie Bumb**
                    **United States District Judge**